## In re CERTAIN MERCHANDISE.

### (Circuit Court, D. Massachusetts. November 23, 1894.)

### No. 237.

CUSTOMS DUTIES—CLASSIFICATION—WOOLEN CLOAKS LINED AND TRIMMED WITH FUR—ACT 1890.

Cloaks of woolen cloth, lined and trimmed about the neck, sleeves, front, bottom, and back with fur, and not reversible, are dutiable at 4½ times the duty on unwashed wool of the first class, and 60 per cent. ad valorem. as cloaks "or other outside garments for ladies, and children's apparel * * * composed wholly or in part of wool, * * * made up or manufactured wholly or in part," etc., under paragraph 397 of the act of 1890, and not at 35 per cent. ad valorem, under paragraph 461, as manufactures of leather, fur, or of which these substances or either of them is the component material of chief value, "all of the above not specially provided for in this act," etc., though fur is a component material of chief value in such cloaks, since they are "specially provided for" by the former paragraph.

Petition by Alanson W. Beard for review of the questions of law and fact involved in the decision of the board of United States general appraisers in respect to a duty imposed on merchandise imported by C. F. Hovey & Co. in 1892. Decision of board reversed. Decision of collector affirmed.

Wm. G. Thompson, Asst. U. S. Atty., for petitioner.
Josiah P. Tucker, for importer.

ALDRICH, District Judge. This is a petition for review of the questions of law and fact involved in the decision of the board of United States general appraisers in respect to a duty imposed upon an importation from Germany by C. F. Hovey & Co. in 1892. Para-

graph 397 of the act of 1890 establishes a duty of 4½ times the duty imposed on unwashed wool of the first class, and, in addition thereto, 60 per centum. ad valorem, "on cloaks, dolmans, jackets, talmas, ulsters or other outside garments for ladies' and children's apparel and goods of similar description, or used for like purposes, composed wholly or in part of wool, worsted, the hair of the camel, goat, alpaca or other animals, made up or manufactured wholly or in part," etc. The article of import in question was invoiced with 15 other garments as "ready-made ladies' woolen garments," and entered by the importer as "German garments." It was a long, outside garment of woolen cloth, lined with fur, and the trimmings and ornamentations about the neck, sleeves, front, bottom, and back were likewise of fur. The basic or structural material, however, was wool. In other words, it was a cloth cloak, lined and trimmed with fur. The garment was not reversible, and therefore was in no sense a fur garment lined with cloth. The petitioner claims that the article of import was dutiable under paragraph 397, while the importer contends that it rightfully comes within the provisions of paragraph 461 of the act of 1890, which provides an ad valorem duty of 35 per centum. The latter paragraph describes "manufactures of leather, fur, gutta-percha, vulcanized India rubber known as hard rubber, human hair, * * * or of which these substances or either of them is the component material of chief value, all of the above not specially provided for in this act," etc. Unquestionably this paragraph is broad enough and sufficiently explicit to embrace the article of import in question, were it not specially covered by the earlier provisions of the same act. It is clear, however, that the purpose of congress was to exclude from the general provisions of this paragraph all articles of manufacture specifically provided for elsewhere in the act. So we come to the question whether the article of importation is covered by the description embraced in paragraph 397. I think it is. It would be difficult to employ words more clearly and unmistakably descriptive of a manufacture consisting of various component materials than those used in paragraph 397, "on cloaks, * * * or other outside garments for ladies' and children's apparel, * * * composed wholly or in part of wool * * * made up or manufactured wholly or in part," etc. The garment was a cloak. The structural part of the garment was not in part but wholly of woolen cloth, lined and ornamented with fur, and as such is specially provided for by this paragraph. It is true that fur was a component material, and that it was of chief value, but this fact does not relieve the article of import from the operation of the terms of paragraph 397, for the reason that the idea of chief value expressed by paragraph 461 is by the terms of the same paragraph limited to articles not specially provided for elsewhere. The argument presented that fur was the component material of chief value, and that the duty under paragraph 397 is disproportionate, is a strong equitable argument. It is apparent, however, that congress intended to lay a specific duty upon the manufactured wool entering into this class of garments, and also an arbitrary ad valorem duty on the value, including, of course, the component materials used

in connection therewith; and, as said by Nelson, J., in Reimer v. Schell, 4 Blatchf. 328, 330, Fed. Cas. No. 11,676, in speaking of articles of importation: "The proper inquiry is as to their qualities and characteristics, with a view to ascertain whether they come within the description. If they do, no argument can take them out of the rate of duty which has been imposed." Section 397 is a designation of articles by special description (Barber v. Schell, 107 U. S. 617, 2 Sup. Ct. 301), and it would seem that the article of import is plainly within such description. Holding these views, the decision of the general appraisers must be reversed, and that of the collector affirmed, and it is so ordered.